In his petition, plaintiff sets out that at the request of one Sam Shaffett, he furnished certain plumbing fixtures and labor in the construction of a house situated on a lot of ground in Buffington Heights in East Baton Rouge Parish which the said Sam Shaffett had a written agreement, dated July 29, 1946, to purchase from Marion B. Scobell and Bradley C. Mittendorf. The reasonable value of the fixtures and labor is stated to be the sum of $508.65.
He then alleges that he and Sam Shaffett entered into a written agreement, dated June 26, 1947, to the effect that he would furnish all labor and material to install the said fixtures for the sum of $381 and that the house was completed on or about October, 1947.
Next he alleges that on October 28, 1947, Sam Shaffett assigned all his rights in the contract which he had to purchase the lot of ground, to the defendant herein, Barbara Shaffett, by an endorsement signed by him on the back of the said contract and *Page 58 
on the same day the said lot together with all the improvements thereon was transferred to the said Barbara Shaffett by a recorded act of sale signed by Marion B. Scobell and Bradley C. Mittendorf, as vendors.
He avers that he has made innumerable requests for payment for the plumbing material and labor furnished by him but has never been paid for any part of the same. He does not allege on whom any such demands were made.
Finally, he alleges that Barbara Shaffett had actual or constructive knowledge that he had not been paid for his material and labor when she secured title to the property and that because of his having furnished the same she has been unjustly enriched at his expense.
He prays for judgment against the defendant, Barbara Shaffett, in the sum of $508.65 and, in the alternative, in the event the court should determine that Sam Shaffett was the authorized agent of Barbara Shaffett, he asks for a sum representing the agreed contract price for the fixtures and labor, plus a reasonable value of the additional labor and materials furnished. Further he prays that he be granted a lien on the lot of ground described as being Lot #9 in Buffington Heights, in the amount of the judgment rendered in his favor.
In a supplemental petition plaintiff alleges that he has reason to believe that the defendant, Barbara Shaffett, is an unemancipated minor and he asks that a tutor ad hoc be appointed to represent her in this proceeding. The district judge appointed David E. Cooley, attorney at law, as her tutor ad hoc and upon his having qualified and having accepted service, he filed an exception of no right and of no cause of action to the plaintiff's petition. Upon trial of these exceptions they were sustained in the district court and judgment was rendered against the plaintiff as in case of non-suit and further ordered him to pay the fee of the tutor ad hoc in the sum of $35, taxing the same as costs. Plaintiff has perfected this devolutive appeal and the tutor ad hoc of the defendant minor has answered the appeal asking for an additional fee for his services in representing her before this court.
It appears as though the plaintiff's petition presents three separate and distinct demands: First, he apparently wants a judgment against the defendant on the contract alleged by him, which he entered into, not with her, but with Sam Shaffett, who is her father, for the full amount he claims, on the ground that when she secured title to the property, she had actual or constructive knowledge of this contract which was one enuring to the benefit of the property she acquired and therefore she has become unjustly enriched to that extent, at his expense, all of which is forbidden under the equitable principles stated in Article 1965 of the Revised Civil Code. Second he asks, in the alternative, that if he cannot recover under the contract that he recover on a quantum meruit, the value of the plumbing material and labor put out by him on the property. This, he seems to contend also he can recover on the ground that the benefits resulting from his material and labor have enured to the property's enhancement in value and has enriched the defendant who is now the owner of that property. Third, he asks for a lien on the lot of ground on which the building is constructed and, although he does not make any allegation in his petition with respect to any lien, we take it that it could only be a lien, if he has any, arising out of Act No. 298 of 1926 which is known as the Materialman or Builder's Lien.
In his argument before this court, and in brief, counsel for plaintiff stressed his demand on the ground of unjust enrichment more than on any other point. Relief in any case on that ground is undoubtedly one that is granted under equitable principles which, of course, are very narrowly limited in this State. Under the provisions of Article 21 of our Civil Code, "in all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity." (Italics ours.) The doctrine involved, which is incorporated in Article 1965, R.C.C., is one which, as appears from the very terms of the article itself, is founded on equitable considerations, because it starts out by stating *Page 59 
that "the equity intended by this rule is founded in the Christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another." The Article then expressly stipulates that it is only when "the law of the land, and that which the parties have made for themselves by their contract, are silent", that the courts must apply the principles enunciated "to determine what ought to be incidents to a contract, which are required by equity."
In this case plaintiff himself alleges a contract with a certain party to furnish certain material and to do certain work at a fixed sum. He sets out the circumstances under which that contract was entered into, these circumstances being that the party with whom he contracted merely had an agreement to purchase the property on which the labor and material was to be furnished and which agreement is not alleged to have been recorded. He then avers that he performed under the contract and when he completed the job, the party with whom he had contracted, assigned his rights under the agreement to purchase the property, to the defendant whom he is now seeking to hold. He does not allege that this assignee defendant assumed any payments that may have been due him for his work under the contract and in the absence of the contract being recorded, she had a perfect right to take over the property as she did, free of any claims or encumbrances. We might say at this point, however, that we do not see how she could have taken title to the property, for being a minor at that time, she lacked the capacity to enter into any kind of legal contract unassisted by a legal representative.
Be that as it may however, in the absence of an assumption on the part of the defendant, in writing, or in any manner, as far as the petition shows, she was not liable under the law for debts entered into by the assignor of the contract under which she secured title to the property. Whilst it may be that the property which she bought received some benefits from the labor performed and the material furnished by the plaintiff, in the absence of any recorded knowledge of a claim for such material and labor, the law does not make her liable for any part of it.
There is therefore, a good bit of law involved in the issue that is presented and there was also a definite law established between the plaintiff and the party with whom he contracted. There is nothing silent about these matters and, under the very terms of the article of the Code relied upon, we do not see how any of the equitable principles provided therein can be invoked and applied in this case.
Even under any equitable doctrine it would seem that there must be some privity of contract between the parties and here certainly there is nothing in the plaintiff's petition which indicates in any manner whatsoever that there was any privity of contract between himself and the defendant, Barbara Shaffett, against whom he is prosecuting his claim. We observe that even in his allegation relating to the innumerable demands or requests he made for payment, he does not allege on whom he made them and we would infer from the other allegations of the petition that if he made any they were made against the party with whom he actually contracted, Sam Shaffett, who is not a party to the suit.
All that we have stated with reference to the plaintiff's demand on a contract applies to his alternative demand made on a quantum meruit. The defendant not being a party to the transactions that took place between the plaintiff and her father, Sam Shaffett, cannot be held on a quantum meruit any more than she could be held under a contract. See Doll v. Firemen's Charitable Benevolent Association, La. App.,8 So.2d 156, and authorities therein cited, particularly Succession of Kernan, 105 La. 592, 30 So. 239.
The remaining ground on which plaintiff's claim is based is the lien which he prays to have enforced against the lot of ground and the building constructed on it. As we have already indicated the only lien he could claim would be the one arising under Act No. 298 of 1926 which is the Builders Materialman's Lien.
In discussing this phase of the case, we must consider, in the first place, *Page 60 
that the law regarding liens is stricti juris. The one claiming a lien must be able to point to the very law under which he claims to exercise his privilege and in all cases it is necessary for him to have strictly observed the formalities prescribed in the law granting such lien. Just a casual reading of the act under which a lien may have arisen in this case is sufficient to show that there was no intention ever, on the part of this plaintiff, to comply with its provisions. There is no pretense that he had any more than a verbal agreement, such as he alleges, with the party who had a contract to purchase the property on which the improvements were to be made, and under the terms of the act, in order to protect his lien, it was necessary, primarily, that the contract be reduced to writing and signed. More important still it was necessary that it be recorded in the office of the clerk of court or the recorder of mortgages of the parish wherein the work was to be carried on. Failing in these essential particulars, it was impossible for the lien to exist. When the transfer of the property was made to Barbara Shaffett, the defendant, there was nothing of record in the conveyance records of the Parish of East Baton Rouge to prevent her from taking title to the property free from any encumbrances whatsoever. The law gave her the right to rely on the face of the public records in acquiring the property and whatever actual or constructive knowledge she may have had of any other transactions or any other claims relating to the property, could not affect her rights in or title to the property. If the plaintiff had alleged that there was some sort of collusion between Sam Shaffett and his daughter to place this property in her name in order to defeat any claims that may be bearing upon it, he would probably have had some cause of action to set aside the sale but that would be an entirely different remedy from the one which he is trying to enforce in this proceeding.
Whilst it is true that in Act No. 298 of 1926 which accords a lien to materialmen there is a provision, as appears by Section 11, to the effect that in certain cases the lien may operate against one who is not the owner of the land upon which the work is done, we do not believe that any of the circumstances under which the lien thus operates, appear in this case. As was stated by the Court of Appeal for the Parish of Orleans, in the case of Jackson Homestead Association v. Zimmer, 16 La. App. 647, 134 So. 126, 127, "all that was intended by the section quoted (Sec. 11) was to give to the furnisher of materials the right to a lien effective only to the extent of the right of the tenant or lessee in or to the property. The mere fact that one person holds an unregistered and unrecorded right to purchase the real estate of another does not give to a third person who furnishes material any right against another innocent party purchasing from the owner, or lending money on the property on the faith of clear certificates." The last part of the statement quoted applies particularly to the facts in this case because Sam Shaffett only held an unrecorded agreement to purchase the property, and under that ruling, Barbara Shaffett, an innocent party purchasing the property from the owners, on a record of conveyance which showed that title to the property was clear, cannot have the lien operate against her as the present owner.
We do not know on what basis the judgment appealed from was one as in case of non-suit. Under our view of the case as it is presented against this defendant we think the judgment should be one of dismissal and it will accordingly be amended in that respect.
The curator ad hoc to the defendant minor is also entitled to an additional fee for services rendered in representing her before this court, as prayed for in the answer to the appeal. A fee of $35 additional will be allowed.
For the reasons stated it is ordered that the judgment appealed from be amended by dismissing the plaintiff's suit and rejecting his demand against the defendant, in full, and by increasing the amount allowed the curator ad hoc as a fee for representing the defendant by the sum of $35 and taxing the same as costs against the plaintiff, and that as thus amended, the said judgment be affirmed. The plaintiff, appellant to pay all other costs of this appeal. *Page 61