SAVOY, Judge.
This matter is before the Court on appeal by plaintiff from a judgment of the lower court rejecting his demands against defendant for a money judgment.
Defendant advertised for bids for the construction of low rent housing units in the City of Opelousas. Several bids were received by said defendant, the lowest bidder being Danel-Ryder Construction Company. Defendant accepted the Ryder bid, but the Public Housing Administration, Fort Worth, Texas, Office, refused to approve this bid on the ground that Ryder, a member of the firm, had only recently resigned as a member of the defendant’s board. The second lowest bid was submitted by Pittman Construction Company. Defendant refused to accept this bid and accepted the bid of George G. Marquette, Jr., doing business as Marco Construction Company.
Shortly thereafter, Pittman Construction Company filed a suit in the Federal District Court, Western District of Louisiana, seeking to declare null and void the bid accepted by defendant and the contract between Marco and defendant.
During the course of the litigation in Federal Court in the Pittman suit, plaintiff as a sub-contractor entered into an agreement with Marco Construction Company to do plumbing, heating, air conditioning, and other related work. The contract was in writing and contained the regular clauses in contracts of that type. There was an addendum to the sub-contract dated several months after the original agreement between the parties. This addendum contained the following words, to-wit:
“Not withstanding anything to the contrary herein stated, it is agreed and understood that there is presently pending in the United States District Court for the Western District of Louisiana in Civil Action No. 7030 a petition for an injunction, which if granted would in effect enjoin further performance of the contractor and sub-contractors, accordingly any unpaid sums due the contractor by the Opelousas Housing Authority and in turn due the subcontractor hereinabove set out, would of necessity be negotiated for with the local Opelousas Housing Authority.
*506 “Therefore any claim for labor and material or any other sums or demands upon Marco Construction Company under the contract shall be settled and adjusted with Marco Construction Company upon the same basis and terms as the Marco Construction Company’s settlement and adjustment with the Housing Authority,
“It is further agreed and understood that any proof of claim to be filed in accordance with the laws, rules, and regulations applicable thereto shall be filed by the Marco Construction Company including the claim of the sub-contractor.
“It is further agreed and understood that no claim shall mature for the purpose of litigation against the Marco Construction Company until such a time as the Marco Construction Company shall settle with the Opelousas Housing Authority, whereupon all claims shall be settled and adjusted on the same pro-rata basis as is received by the said Marco Construction Company.”
The addendum to the sub-contract was duly signed by the parties.
The materials as well as the work performed by plaintiff on the housing authority job under the sub-contract were included in four periodic cost estimates submitted to the defendant by Marco Construction Company. The first three were paid as presented.
The Pittman case was finally tried in the Federal District Court, and the district judge held the contract between defendant and Marco Construction Company to be null and void. The decision was affirmed by the United States Circuit Court of Appeal. See Pittman Construction Co. v. Housing Authority of City of Opelousas, D.C., 167 F.Supp. 517, Id., 5 Cir., 264 F.2d 695. In the Pittman case, supra, the Court held that defendant was required by LSA-R.S. 38:2211 to award the contract to the lowest responsible bidder, and that defendant arbitrarily rejected the bid of Pittman Construction Company, and that defendant’s action was null and void when it attempted to award the job and enter into a contract with Marco Construction Company.
The Housing Authority, after the decision in the Pittman case, supra, refused to pay the fourth estimate submitted by Marco Construction Company, because of a difference in the amount which Marco claimed and that which defendant thought it owed.
Plaintiff then filed suit against the Housing Authority on a quantum meruit basis. Defendant filed an answer to the suit denying that it owed plaintiff any money for work, labor, materials, insurance and equipment rental furnished by plaintiff on the housing project. Further answering the suit, defendant alleged that at the time of the execution of said sub-contract by plaintiff with Marco, both parties were aware of the pending suit. Defendant also stated that Marco Construction Company had been paid for all the work performed by plaintiff on the housing authority job, with the exception of the fourth estimate in dispute, and that under the terms of the addendum to the sub-contract agreement between plaintiff and Marco, plaintiff is estopped from collecting any sums from it which might be due him for work, labor, materials and supplies furnished on the said project.
Defendant alleged further that on November 19, 1958, plaintiff filed a lien against Marco Construction Company and defendant for work, materials and supplies furnished on said project, said lien being recorded in the Mortgage Records of St. Landry Parish; that for that reason plaintiff is estopped to deny that he has a legal and valid claim against Marco Construction-Company for any sums still owing to him. by virtue of work performed or materials furnished on said project.
Defendant prayed that the demands of plaintiff be rejected.
*507 In brief and in oral argument attorney for plaintiff contended that the sub-con-tract and the addendum thereto between plaintiff and Marco became null and void upon the final decision in the Pittman case, supra, annulling the contract between Marco and defendant, and cited as authority Articles 21 and 1965 of the LSA-Civil Code, and cases of Boxwell v. Dept. of Highways, 203 La. 760, 14 So.2d 627; Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18; Cummings v. Saux, 30 La.Ann. 207; and 17 C.J.S. Contracts § 285.
Articles 21 and 1965 of the LSA-Civil Code recite the following:
“Art. 21. In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”
“Art. 1965. The equity intended by 'this rule is founded in the Christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to en•rich himself at the expense of another. When the law of the land, and that which the parties have made for themselves by their contract, are silent, courts must apply these principles to determine what ought to be incidents to a contract, which are required by equity.”
Counsel for defendant on the other hand contended that plaintiff could not recover for the reason that there was no privity of contract between defendant and plaintiff, that plaintiff sued on quantum meruit, which is an equitable remedy, and since there is positive law on the subject in the case at bar, an equitable remedy is not granted to him by law, citing as authority for this position the case of Clarke v. Shaffet, La.App., 37 So.2d 56.
The case.of Boxwell v. Dept, of Highways, supra, involved the following factual situation:
Louisiana Metal Culvert Company, a partnership composed of James Thomas and Leslie G. Boxwell, sold and delivered at different times certain materials to the Louisiana Highway Commission. Many of the invoices disclosed prices charged in excess of $500. In connection with most of the sales, in lieu of payment, the Commission issued warrants to the partnership redeemable on or before a certain specified date. The partnership was dissolved and its claim against the Commission assigned to Boxwell and Baker. These assignees brought suit against the Department of Highways, successor to the Louisiana Highway Commission, asking for a money judgment. Defendant set up a special defense that the sales, except those of a price less than $500, were illegal and null and void because of their having been made without advertisement and competitive bidding, as required by law. The district court decided the case in favor of plaintiffs. On appeal the Supreme Court reversed the judgment of the lower court and allowed the plaintiff to recover on the quantum meruit basis, stating that the contracts in question were merely malum prohibitum and not malum in se, that is they were not essentially and inherently evil and committed contrary to the principles of natural, moral and public law. The Court found that defendant could not escape liability for the materials received altogether, under the civil law maxim that no one ought to enrich himself at the expense of another. LSA-Civil Code, Article 1965.
The next case for discussion is the case of Smith v. Town of Vinton, supra. In this case plaintiff entered into a verbal contract with the Mayor of the Town of Vinton to furnish labor and equipment in the repair of the electrical distribution system owned and operated by the Town. The Mayor represented that he was duly authorized to make the contract and to *508 proceed with the work, and further that an emergency existed because the system was in a dangerous condition. Pursuant to the verbal contract plaintiff commenced the repair job and continued it for sometime until he was forced to cease work on the project because of defendant’s failure to make any of the agreed payments. Plaintiff then filed suit to recover for labor and materials and equipment used between the dates of March 27, 1944, and April 11, 1944. After specially pleading estoppel, plaintiff prayed for judgment on the contract, or in the alternative, on quantum meruit for the amount of his claim. Defendant contended that there had been no compliance with Act No. 73 of 1926, as amended, LSA-R.S. 38:2211 et seq., which required a contract of public work exceeding the sum of $500 to be awarded to the lowest responsible bidder after advertisement. On the trial the district judge allowed plaintiff actual costs of materials and labor, disallowing profit and other items sued for by plaintiff. The Supreme Court affirmed the judgment of the district court and in its reasons for judgment adopted the reasoning used by it in the Boxwell case, supra.
The next case to be discussed is that of Cummings v. Saux, supra. In this case the City of New Orleans let a contract to one Stack to repair streets. Stack sub-let the contract to the defendant for a profit represented by cash and notes. Plaintiff as holder of the notes sued Saux on such notes. Saux defended on the ground that the contract between the city and Stack was illegal because Stack was a party interposed for the plaintiff who was a member of the City Council. The Supreme Court held that the pretended contract between the City of New Orleans and Stack was null and void, and cited Articles 1893 and 1895 of the Louisiana Civil Code to the effect that a contract is unlawful when it is forbidden by law.
The cases cited by counsel for plaintiff and the equitable doctrine advanced by him, orally and in briefs, are not applicable to the case at bar. Plaintiff took a calculated risk when he signed the sub-contract with Marco, and the addendum contract attached to the sub-contract. The nullification of the contract between Marco and defendant by the Federal Courts in the Pittman case, supra, did not ipso facto nullify the contract between plaintiff and Marco. There was no prohibition in law against them contracting as they did. The parties protected themselves by executing the addendum to the sub-contract. In the addendum to the sub-contract plaintiff agreed that should the contract between Marco and defendant be declared invalid that any sums due Marco by defendant, including amounts which Marco owed plaintiff, would be negotiated between Marco and defendant; that any claims for labor or material or any sums due plaintiff by Marco would be settled and adjusted with Marco upon the' same terms as Marco settled and adjusted with defendant. The addendum contained the stipulation that no suit would be filed against Marco until such time as Marco settled with defendant and that all claims would be settled and adjusted upon the same pro-rata basis as Marco received from defendant.
This Court concurs with defendant that there was no privity of contract between plaintiff and defendant, and that the equitable principles invoked in the Boxwell case, supra, and the Smith case, supra, and Articles 21 and 1965 of the LSA-Civil Code are not applicable because plaintiff has a legal remedy in the case at bar.
In the case of Clarke v. Shaffet, supra, plaintiff furnished one Sam Shaffet certain plumbing fixtures and labor for construction of a house which Shaffet had a written contract to purchase from two other parties. Shaffet then assigned all of his rights in the contract to purchase to defendant, Barbara Shaffet. Failing to collect for said work and materials from Sam Shaffet, plaintiff instituted this suit against Barbara Shaffet, alleging that she had constructive knowledge that he had not been paid for his materials and labor *509 when she secured title to the property, and that because he had furnished same, she had been unjustly enriched at his expense. Alternatively, plaintiff sued that he be granted a lien on the property in question. The Court held that even under the equitable doctrine set forth in Articles 21 and 1965 of the LSA-Civil Code, there must be some privity of contract between the parties, and there was nothing in the case indicating in any manner whatsoever that there was any privity of contract between plaintiff and defendant, Barbara Shaffet. The Court found further that where there is positive law on the sub j ect equity will not be invoked.
If plaintiff’s theory of the case were followed by the Court, the Housing Authority could be sued by plaintiff and Marco, for it is clear that under the Boxwell and Smith cases, supra, Marco could sue defendant under the quantum meruit theory.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff is to pay all costs of court in the district court and on appeal.
Affirmed.