BOLIN, Judge ad hoc.
In this suit the National Collection Service, Inc. of Shreveport, Louisiana, sought a judgment in solido against Henry and Evelyn Woodard, husband and wife, and Horace Bell, a building contractor. As a basis for the recovery, plaintiff alleged that the said Horace Bell entered into a contract with Henry and Evelyn Woodard to do certain remodeling work on a residence located at No. 2943 Milam Street in the City of Shreveport. It was further alleged that no surety bond was furnished covering this work. In furtherance of the contract, Horace Bell purchased certain building materials from the commercial establishment of Patrick-Reed Lumber & Supply Company, and payments were made on this account but there remained an unpaid balance of $698.13. The said Patrick-Reed Lumber & Supply Company, being unable to collect this unpaid balance, timely prepared and filed an affidavit in the Mortgage Records of Caddo Parish, Louisiana, in order to preserve the privilege and lien on the property. Subsequent to the filing of this affidavit an assignment of the debt was made by Patrick-Reed Lumber & Supply Company to plaintiff herein. As the assignee, the plaintiff brought this suit for the unpaid balance due on the account and also for a recognition of the lien and privilege against the property as the result of the materials which were used in the alteration of the premises.
In due course the defendants, Henry and Evelyn Woodard, filed an answer wherein they generally denied all of the material allegations. No filings or pleadings were made on behalf of the defendant, Horace Bell, but he was present during the trial of the case in the lower court and, as such, he was a witness in the case and admitted the purchase and delivery of materials, and generally made no contest of any of plaintiff’s allegations.
At the conclusion of the trial the trial judge rendered a judgment in the sum of $677.38 against Evelyn Woodard only and rejected the demands of the plaintiff against the other defendants. The difference in the amount of $698.13, which was originally prayed for, and the amount of $677.38 was found to be for certain equipment used during the construction and not materials placed in the building. Even though the Judge below did not assign written reasons for his findings, his oral reasons were made a part of the transcript of the testimony and we have the benefit of these in considering this case on appeal.
From the judgment of the lower court, only the plaintiff has taken an appeal. No appeal was taken by any of the defendants, nor did any of them answer the appeal perfected by plaintiff.
There seems to be several issues presented to us for decision. Inasmuch as no preliminary default was entered against the defendant, Horace Bell, nor any pleadings filed by him, the court below was of the opinion that no judgment could be rendered as to him. In this connection, we are of the opinion that such a decision was an erroneous finding of law. Louisiana Code of Practice Article 3S7 provides:
“Cause at issue, when. — The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code.”
One of the early cases interpreting this article was Marbury v. Pace, 29 La.Ann. 557, wherein it was held:
“It is only when the defendant fails to appear, either in person or by his advocate, that a judgment by default may be taken against him. In this case, defendant appeared in person, and joined issue by confessing the facts set forth in plaintiffs’ petition. His appearance not only dispensed but precluded plaintiffs from taking a default against him.”
*192 See also: Thornhill v. State National Bank, 34 La.Ann. 1171, 1175; Bayhi v. Bayhi, 35 La.Ann. 527.
The next issue presented to us is an appeal from that portion of judgment rendered below, which is best expressed by a quotation from the transcript of the proceedings wherein the learned Judge said:
“In the petition there is absolutely no allegation of ownership, and the lien laws of Louisiana are based on ownership of property, and there is no allegation of ownership and no proof of ownership in the record admitted without objection.”
In this ruling, we are likewise of the opinion that the findings were in error. In this connection, we think it pertinent to point out that the question of ownership of the property involved was not raised by the defendants in any of their pleadings or by argument of their counsel, but was an issue which was raised by the trial court itself.
After an examination of all of the pleadings and the evidence before us in this case, we are of the opinion that the judge in the lower court made a manifest error in holding that "there was no allegation of ownership and no proof of ownership in the record admitted without objection.” An examination of the pleadings reveal that Article Seven of plaintiff’s petition provides as follows:
“That the said Patrick-Reed Lumber & Supply Company has furnished all of the material according to its agreement with the contractor and the other named defendants herein, the latter two persons as having been shown hereinabove as the owners of the premises.” (Emphasis ours.)
We now refer to Article 12 of the defendant’s answer:
“That the allegations of article twelve of plaintiff’s petition are denied as written, your respondents admit only that the said Patrick-Reed Lumber Company has caused a material man’s lien and privilege to be recorded upon their property as described in paragraph twelve of plaintiff’s petition, but deny that the said lien is legal and valid.” (Emphasis ours.)
In addition to quoting from the original petition and the defendants’ answer, which reflect clearly that there is an allegation of ownership, we now refer to the testimony of Horace Bell under cross-examination:
“Q. Did you enter into a building contract with Henry Woodard and Evelyn Woodard? A. I did.
“Q. To build them a house or do some alterations upon their premises? A. Additions and alterations, yes, sir.
“Q. What? A. Additions and alterations, yes, sir.
“Q. Is that the property that is legally described as Lot 20, Block 5, Washington Subdivision, here in Shreveport, Louisiana? A. Yes, sir.”
And further:
“Q. Incidentally, is that property located at 2943 Milam Street here in Shreveport? A. Yes, sir, that’s right.
“Q. Is that the home of Henry Woodard and Evelyn Woodard? A. It is.
“Q. They.live there? A. Yes, sir, that’s right.
“Q. Of course, Henry Woodard lived there, you say? A. Yes, sir.”
We now refer to the testimony of Evelyn Woodard as under cross-examination:
“Q. Evelyn, did you and Horace Bell enter into an agreement to do certain alterations to your property at 2943 Milam Street here in Shreveport?
A. Yes, sir.”
*193 And further:
“Q. And you live in the premises at 2943 Milam Street in Shreveport? A. Yes, sir.
“Q. Your husband lives there, too, of course? A. Yes, sir.”
We now refer to the testimony of Willie Johnson:
“Q. Were you one of the carpenters that worked for Horace Bell out at 2943 Milam Street, the home of Evelyn and Henry Woodard? A. Yes, sir.
“Q. And you did some work out there, is that correct? A. Yes, sir.”
In connection with the agreement to do the remodeling in question, the various oral discussions were apparently reduced to writing in the form of a written contract. While this contract was rather crudely drawn, it was signed by Mrs. Evelyn Woodard and Horace Bell. This contract was filed in the record below and we have it before us for examination. The first sentence of the contract provides as follows :
“An agreement entered into by and between Mr. Henry Woodard Owner of property, at 2943 Milam St. and Horace Bell hereinafter called the Contractor.” (Emphasis ours.)
Therefore, for the reasons stated, it seems that it was abundantly shown below that the defendants, Henry and Evelyn Woodard, were the owners of the property in question.
As a part of his findings, the Judge of the lower court also found as follows:
“It is impossible under the pleadings to give a judgment for the plaintiff recognizing his lien that he is entitled to. There has been a failure to include in the assignment of this account to National Collection Service, Incorporated, the lien. That is one of the primary objects of the suit, one of the primary security devices that the materialman has under our law. The National Collection Service, Incorporated, under this record does not own the lien and does not have a right to sue and collect and does not have the right to enforce the lien. It has a right to sue and collect for the account.”
Counsel for plaintiff takes serious issue with the above holding and, in this connection, has cited this court to the provisions of Article 2645 of the LSA-Civil Code of Louisiana, which we quote:
“Accessories included in sale of credit
“Art. 2645. The sale or transfer of a credit includes every thing which is an accessory to the same; as surety-ship, privileges and mortgages.”
There have been several cases decided on the proper -interpretation to be given the above codal article. Gresham v. Graves, 3 La.App. 153, and Brittain v. Olla Lumber Co., 5 La.App. 501. Based on these citations, there is no doubt in our mind that the assignment of the account to the plaintiff herein carried with it the assignment of the lien and privilege brought about as the result of furnishing the materials used for remodeling the premises.
The court below rendered a judgment only as to Evelyn Woodard and rejected any demands against her husband, Henry Woodard, on the theory that the said Henry Woodard was out of town at the time of the signing of the contract, had nothing to do with it, and, as such, could not be held liable therefor. Counsel for the plaintiff has strenuously urged before us, in brief and in argument, that such a ruling by the lower court was erroneous. In connection with this argument we have been cited to LSA-R.S. 9:4812, the pertinent provisions thereof being:
“When the owner, or his authorised agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been re *194 corded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated. * * *
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, * * *.
"This shall not interfere with the personal libaility of the owner for material sold to or services or labor performed for him or his authorized agent.’1 (Emphasis ours.)
The testimony adduced during the trial of the case is uniformly to the effect that Evelyn Woodard was merely acting as agent for the community in all of her actions pertaining to this remodeling of her home. There is certainly no evidence to substantiate a conclusion that she was acting independently of her position as the wife of Henry Woodard or that she ever held herself out as acting with any of her separate and paraphernal property. In fact, as previously pointed out earlier in this opinion, the written contract itself stated in the first sentence thereof that Henry Woodard was the owner of the property.
To strengthen our holding that the husband should be bound for the obligations incurred as the result of the remodeling of his home, we are of the opinion that he also ratified the bills as previously incurred by his wife. Under these circumstances, he would also be a proper party to stand in judgment for the repayment of these obligations. In this connection see the following cases: Perdido Finance Co. v. Falgout, La.App.Orleans Cir. 1955, 77 So.2d 896; Montgomery v. Gremillion, La.App. 2 Cir., 1953, 69 So.2d 618.
As previously stated, the judgment below was rendered against the wife even though she was living in full community with her husband at the time the debt in question was incurred. We think it well for this court to say in passing that it is doubtful if the wife should have been cast in judgment for such a community debt. However, inasmuch as she neither appealed nor answered the appeal from the judgment below, this court has no alternative except to affirm such a judgment insofar as it affects Evelyn Woodard.
For the reasons stated herein the judgment appealed from is affirmed insofar as it is rendered against Evelyn Woodard. Otherwise it is reversed, and it is, accordingly, the judgment of this court that National Collection Service, Inc. have judgment in solido against Henry Woodard and Evelyn Woodard and Horace Bell, for the sum of $677.38, together with legal interest; the costs of the trial in the lower court and this appeal to be paid by the defendants below.
HARDY, J., absent.