BAILES, Judge.
This appeal was taken from a judgment rendered on a rule to show cause why funds held by the Sheriff of Terrebonne Parish should not be released unto the Appellee. The Appellant is the Baton Rouge Engineering Company, the furnisher of certain engineering services on a proposed motel building. The Appellee is the owner of the property on which the alleged services were rendered. From a judgment in favor of the Appellee, this appeal is brought by Appellant.
The lien, which was the subject of the summary proceedings from which this appeal was taken, was filed on December 28, 1962.
We believe a short resume of what transpired prior to the filing of the summary proceedings will be helpful to an understanding of the question presented by this appeal. On December 28, 1962, appellant filed a lien on the property on which the proposed motel was to be built alleging that certain services had been performed by it; that a certain amount of money was due it for these services; and that part payment therefor had been made, leaving a balance of $4,000 due and owing. On October 26, 1963, the property on which the lien had been filed was sold by the Sheriff of Terrebonne Parish as the result of foreclosure proceedings on a mortgage that primed the appellant’s above described lien. After the payment of all superior mortgages, costs, etc., there remained in the hands of the sheriff the sum of $6,673.43. On November 22, 1963, Appellee, Motels of Terrebonne, Inc., filed an ordinary proceeding against the Appellant [and another] seeking, among other things, to have the court order the above described lien filed by Appellant stricken from the mortgage records of Terrebonne Parish, on the ground that the lien had not been timely filed. Then on January 3, 1964, Appellee filed an amended petition seeking to have the lien stricken from the said records on the ground that no suit had been brought to enforce the lien within one year of its recordation. On January 9, 1964, the appellee filed a summary proceedings in which it sought the issuance of a rule nisi ordering appellant and the Sheriff of Terre-bonne Parish to show cause why the funds, that is, the $6,673.43, held by the Sheriff should not be released to the Appellee, on the *218 ground that no suit had been filed by Appellant to enforce the lien. Trial was had on this rule on a joint stipulation of facts, and the trial court rendered judgment on February 4, 1964, and signed the judgment on February 18, 1964, in favor of Appellee and against the Appellant cancelling the lien filed by Appellant on December 28, 1962. The facts stipulated to were that a lien was filed against Appellee’s property on December 28, 1962, and that the subject property was sold at auction by the Sheriff of Terre-bonne Parish on October 26, 1963; that the said Sheriff has certain funds in his hands as a result of the said sale and that if the lien of the Appellant is valid, it attaches to the funds in the hands of the sheriff, thus making it impossible for Appellee to withdraw said funds.
The trial court gave no written reasons for judgment, however, we see by the joint motion of Appellee and Appellant filed in the record that the trial court ruled that the lien of Appellant “passed out of existence as of December 29, 1963, * *
The judgment of the trial court, above referred to provides:
“It is hereby ordered, adjudged and decreed that there be judgment herein in favor of Motels of Terrebonne, Inc., and against Baton Rouge Engineering Company, cancelling that certain lien filed herein by defendant on December 28, 1962, against property belonging to plaintiff, and recorded in M.O.B. 209, folio 381, bearing Entry Number 239986, and it is further ordered, adjudged and decreed that the costs of this rule be borne by defendant, Baton Rouge Engineering Company.”
Appellant’s first specification of error is:
“1. The Court erred in failing to recognize that the validity of the lien filed on December 28, 1962, was moot since lien had been cancelled by foreclosure proceedings and the only remaining question was whether or not appellant was entitled to the funds in the hands of the sheriff.”
It is our conclusion that the lien filed by Appellant became extinguished and non-existent when the sheriff sold the property affected by it.
LSA-C.C.P. Article 2376 provides:
“The sheriff shall give the purchaser a. release from the mortgage, lien, or privilege of the seizing creditor, and. from all inferior mortgages, liens, and privileges, and he shall direct the recorder of mortgages to cancel their inscriptions in so far as they affect the property sold.”
 Further, it is our conclusion that, while the lien became non-existent when, the property affected by it w'as sold by the-sheriff, the statutory privilege followed the funds into the hands of the sheriff and could have been proceeded against by the Appellant. This privilege was extinguished, though, when the Appellant failed to liquidate its claim within the one year period provided in LSA-R.S. 9:4812, which, in-part, provides:
“ * * * The said privilege, recorded as aforesaid, shall constitute a privilege against the property for a period of one-year from the date of its filing, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe-within one year from the date of the recordation of the privilege in the office of the recorder of mortgages. * * * ”
We believe the ruling in Lumber Products, Inc. v. Crochet, (1963) 244 La. 1060, 156 So.2d 438, to be apropos to the issue involved here. We adopt the words of the-court found on page 1071, 156 So.2d on page 442, namely:
“We think it is necessary to give the act the interpretation we have given it here for, as we have noted, such an *219 .act is in derogation of common rights .and must be rigidly construed in favor ■of the parties whose common rights are affected — the owner of the property, his ordinary and other creditors.”
It is mandatory upon the Appellant to bring ■suit to liquidate and reduce its claim to judgment against Appellee within the provided one year period. This the Appellant failed lo do, and thereby has lost its privilege.
Accordingly, it is ordered that the proceeds derived from the sale by the sheriff that are now in the registry of the court "below be paid to Appellee. Appellant to pay :the costs of this appeal.
Affirmed.