YARRUT, Judge.
On May 16, 1966, the City National Bank of Baton Rouge filed this suit on a mortgage recorded against property owned by Sunshine Processing Co., Inc. A default judgment was entered on June 9, 1966, and a writ of fieri facias was issued June 29, 1966.
On August 29, 1966, the National Blow Pipe & Manufacturing Company, Inc. filed suit against Sunshine Processing Co., Inc., to recover $7395.30, the amount of its lien for labor and material furnished Defendant. National Blow Pipe had recorded its lien on April 4, 1966, approximately four months before the suit was filed.
On October 18, 1966, National Blow Pipe intervened in the suit, citing both Plaintiff and the Sheriff of St. John the Baptist Parish, seeking to have its lien and privilege ranked ahead of Plaintiff’s, and to be paid from the proceeds of sale by preference over all other mortgages, liens, and privileges. One day later, the Sheriff sold all the property of Defendant to the Small Business Administration of the Federal Government. After various pleadings had been filed, on June 14, 1967, Plaintiff filed exceptions of prescription and no right or cause of action, on the basis that Intervenor failed to reinscribe its lien within one year from its original recordation.
The Trial Court maintained the plea of prescription, and ordered Intervenor’s lien and privilege cancelled and erased from the mortgage records, due to Intervenor’s failure to reinscribe its lien within the one-year period. From this judgment Intervenor was appealed, asking that the cancelling of its lien be overruled, that the priority of its lien over Plaintiff’s mortgage be recognized, and that it be paid from the proceeds of the sale.
Both Plaintiff and Defendant contend that one who seeks the benefit of the Mechanic’s Lien Statute (LSA-R.S. 9:4812) must not only institute suit before the expiration of one year from the recordation of the privilege, but must also reinscribe its lien and privilege annually until the suit is terminated, citing Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438; Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566.
However, in the cited cases the Sheriff had not sold the property subject to the lien within one year of the recordation of the lien, as in the instant case. The Sheriff’s sale here resulted only in extinguishment of the lien; the claim then being referred to the proceeds of the sale, to be ranked and paid according to law.
Motels of Terrebonne, Inc. v. Baton Rouge Engineering Co., La.App., 173 So.2d 216; Succession of Girardey, 42 La.Ann. 497, 7 So. 673; and Pietri v. Wells, 12 Orleans App. 250.
A case analogous to the instant one is Cormier v. Pitre, 248 La. 1100, 182 So.2d 340, 184 So.2d 24. In the Cormier case the owner furnished a bond to extinguish the lien. The Court held it was unnecessary for the lien holder to reinscribe his lien in order to preserve his claim to be paid from the bond funds, as the lien on the property itself no longer existed.
We must decide, therefore, that it was unnecessary for Intervenor to reinscribe its lien after the sale of the property by the Sheriff, since its claim followed the funds into the hands of the Sheriff.
*163 The judgment is affirmed insofar as it cancelled Intervenor’s lien, but is reversed in that it maintained the plea of prescription and is amended to refer Intervenor’s lien to the proceeds of the sale, to be ranked and paid according to law, for which purpose the case is remanded to the District Court. Plaintiff to pay all costs in both courts.
Affirmed in part; reversed in part; amended in part; and remanded.