SAMUEL, Judge.
This matter is before this court for the second time. In our original opinion,[1] we concluded plaintiff did not fully perform the services for which the defendant developer contracted and we limited its recovery to quantum meruit for services rendered on the developer’s entire tract of 1,129 lots, even though title was taken to only 534 lots. We also concluded plaintiff’s lien only encompassed the 534 lots owned by the developer and that the second defendant, Trinity Universal Insurance Company, was liable only for whatever amounts were due by the defendant-developer to plaintiff on the 534 lots subject to plaintiff’s lien.[2] As additional evidence was needed for a determination of quantum meruit, we remanded for the taking of further evidence relative to the value of plaintiff’s services.
Following a hearing on remand, there was judgment in favor of plaintiff for $22,-098.44. The defendants have prosecuted this appeal from that judgment.
At the outset of the trial on remand, it was stipulated by the litigants that plaintiff’s recovery would be limited to the 534 lots included in its lien. The trial judge concluded plaintiff’s work under the contract on 250 of the lots had been completed and awarded a sum equal to the original contract price of $60 per lot. He further concluded the remaining 284 lots subject to the lien were 95% complete and as to those lots awarded 95% of the $60 contract price or $16,188. Finally, the trial judge made an award of $1,410.44 for additional services for the closing of ditches and work on rollover curbings, this work being necessary because of changes made in the developer’s plans. From the total award of $32,598.44, the trial judge subtracted $10,500 previously paid by defendants, thus reaching the final total award of $22,098.44. Even ac *620 cepting as correct these conclusions concerning the value of services performed, we reverse.
Defendants raise a new issue which first appeared on remand by virtue of testimony given by Ralph Davenport, one of the principals of the plaintiff corporation. Davenport testified he and his co-principal, Don Mitchell, performed engineering services on the lots subject to plaintiff’s lien for at least six months prior to the completion of the subdivision plan and the beginning of the construction work. He stated at least 85% of the work had been performed prior to completion of the plan.
The subdivision plan was completed on March 16, 1959 and plaintiff began its corporate existence on March 24, 1959. Defendants therefore filed exceptions of no right and no cause of action based on the ground that only those performing the work have a right to a lien under the lien statute. The trial court overruled the exceptions because they were filed too late and recognized plaintiff’s lien, assigning Oliver v. Home Service Ice Co.,[3] as authority. We must disagree with this ruling.
The exceptions were filed following Davenport’s testimony showing the services were performed before the plaintiff corporation came into existence, and this issue had not been raised previously in this proceeding. The peremptory exceptions of no right and no cause of action go to the heart of the case, can be filed at any stage of the proceeding, including appeal, and may be noticed by either the trial or appellate court of its own motion.[4]
Plaintiff relies on an estoppel argument as a basis for recovery. Plans executed by plaintiff’s principals contained the corporate name, and the contract referred to in the previous opinion, dated June 22, 1959, was addressed to plaintiff in its corporate name. Plaintiff attempted to prove the existence of an assignment of the rights of Mitchell and Davenport to the corporation in an offer of proof because the document could not be located. In its offer of proof plaintiff did introduce its corporate ratification of the alleged assignment and a copy of a pledge of the account by the plaintiff corporation to a local bank as security for a debt.
Neither the equitable principles referred to in the Oliver case nor the estop-pel argument made by plaintiff are sufficient to mitigate the long established rule that the lien statutes, R.S. 9:4801 et seq., which allow recovery by a furnisher of services against a party having no contractual privity, are considered stricti juris and must be rigidly construed. Being in derogation of normal contractual relationships, the lien statutes are to be so construed against the parties in whose favor liens are created; they are to be liberally construed in favor of third persons whose rights are thereby affected.[5] Because defendants in this case are the original contracting party and the surety which bonded out the lien claim, the rule that liens cannot be defended or enlarged by implication or through equitable considerations assumes greater importance.[6]
The success or failure of plaintiff is not particularly affected by defendants being “strangers” to the construction. The actual contractor was Mercury Construction Company, Inc., and its construction bond was furnished by Trinity. While Mercury is a separate corporation, it is one of three business entities formed by the individual developers in order to develop the subdivision.[7] Moreover, the developer’s corporation signed the letter agreement of June 22, 1959 by which Engineering Services were engaged. Trinity voluntarily bonded out *621 the claims. Therefore, defendants had substantial contact with the transaction and knowledge of the transaction prior to the time the liability arose, and consequently the argument that liens affect innocent third parties assumes no particular importance under the facts of this case. What is important is the question of whether the judgment extended or enlarged the remedies afforded by the lien statute by implication or through equitable considerations.
There is no doubt a substantial portion of the work was performed by the partnership which existed between Davenport and Mitchell. This partnership existed previous to the incorporation of plaintiff and, according to Davenport’s testimony, 85% of the work was performed prior to the effective date of that incorporation. On the face of the matter, the lien should have been filed by the partnership and/or the individual partners, Davenport and Mitchell.
Plaintiff argues the lien was transferred to it as an accessory to the transfer of partner’s rights under the contract for engineering services.[8] However, it is clear plaintiff has failed to prove the existence of an assignment of the contract by the partners and/or partnership in favor of the corporation; the record contains no such evidence. There being no transfer of the credit to the corporation, it follows that the accessory privilege or lien likewise was not transferred to it. We conclude that plaintiff, being non-existent at the time 85% of the work was performed, had no right to file a lien to secure payment for those services. Such a lien must be filed by those who performed the work.
The Oliver case is not applicable for two reasons: (1) the lien statute was not involved and, accordingly, the Oliver court was free to base its conclusion on estoppel, an equitable consideration; and (2) it involves an attempt by a corporation to deny liability under a contract executed for its benefit prior to its actual corporate existence and thus free itself from an obligation, while the present case involves the attempted use of nonexistence as a corporate entity in order to gain a right.
As 15% of $32,598.44, the total amount of the trial court award, is less than the $10,-500 previously paid to the plaintiff by the defendants, plaintiff is entitled to no award at all and its suit must be dismissed.
For the reasons assigned, the judgment appealed from is reversed, the exception of no right of action is maintained and plaintiff’s suit is dismissed at its cost in both courts.
REVERSED.

. La.App., 290 So.2d 375.

. Trinity had filed a lien bond to remove the encumbrances from defendant’s property and thereby become obligated under the lien.

. La.App., 161 So. 766.

. Code of Civil Procedure Articles 927 and 928.

. Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438; Courshon v. Mauroner-Craddock, Inc., La.App., 219 So.2d 258.

. Gauguin, Inc. v. Addison, La.App., 288 So.2d 893; Pringle Associated Mortgage Corporation v. Eanes, La.App., 208 So.2d 346; Construction Eng. Co. of La. v. Village Shop. Ctr., La.App., 168 So.2d 826.

. Subdivision Plan. Eng., Inc. v. Manor Develop. Corp., La.App., 290 So.2d 375, at 377.

. Plaintiffs cite C.C. Art. 2245; National Collection Service, Inc. v. Woodard, La.App., 111 So.2d 189. These authorities stand for the proposition that the transfer of a credit includes everything which is accessory to it, including a privilege.