340 So.2d 611 (1976)
The FEDERAL NATIONAL BANK AND TRUST COMPANY OF SHAWNEE
v.
CALSIM, INC., et al.
No. 7692.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
Rehearing Denied January 12, 1977.
Writs Refused March 11, 1977.
*612 William P. Stahl, New Orleans, and Cook, Clark, Egan, Yancy & King, James Robert Jeter, Shreveport, for plaintiff-appellee, The Federal Nat. Bank & Trust Co. of Shawnee.
Mollere, Flanagan, Arceneaux & Hardin, James S. Arceneaux, Metairie, for Standard Title Ins. Co., appellee.
Usry & Leefe, Richard K. Leefe, New Orleans, for Howard H. Walker, Trustee.
Lemle, Kelleher, Kohlmeyer & Matthews, C. Murphy Moss and William Penick, New Orleans, for International Title Agency, Jacob Senter and St. Paul Fire & Marine, appellee.
McCollister, Belcher, McCleary & Fazio, Thomas R. Elkins, Baton Rouge, for Leslie Henry Day, defendant-appellant.
Bernhardt C. Heebe, New Orleans, for Brady Steel Co., Inc., defendant-appellant.
Henry L. Klein, New Orleans, for General Elec. Co., defendant-appellant.
Maurice D. Armagnac, Metairie, for Dura-Tuft Carpets, Inc., La. Lightweight Inc., Ben C. Baldwin Contractor, Inc., Armond Delle, Jr., d/b/a Town & Country Landscaping, Enterprise Elec. Inc., defendants-appellants.
Molony, Nolan, North, Reiss & Hall, Bruce A. North, New Orleans, for Enterprise Elec., Inc., defendant-appellant.
T. M. McBride, III, Chalmette, for Bolton Plumbing Supply Co., Inc., defendant-appellant.
Before SAMUEL, STOULIG and SCHOTT, JJ.
*613 SAMUEL, Judge.
This concursus proceeding was filed by The Federal National Bank and Trust Company of Shawnee against Calsim, Inc. seeking recognition of its mortgage rights to the extent of $5,245,914.71 against property upon which Calsim, Inc. had partially completed an apartment complex on real estate in Jefferson Parish. Plaintiff made defendants numerous subcontractors and material men who claim liens and privileges against the real estate superior in rank to plaintiff's mortgage.[1] Also named as defendants were Howard H. Walker, Trustee, who purchased the property "subject to" plaintiff's mortgage, and Standard Title Insurance Company under its title insurance agreement which allegedly insured the mortgage as a first lien and privilege against the subject property. As relief plaintiff sought judgment casting Calsim, Inc. and Howard H. Walker (the latter in rem) for $5,245,914.71, recognizing and maintaining its mortgage as superior to all other liens and privileges, and alternatively, as against Standard Title Insurance Company, for the amount of all liens and privileges determined by the court to have priority over the mortgage.
After answers had been filed to the concursus petition, the plaintiff bank, Standard Title Insurance Company, and other parties[2] filed a motion against Ben G. Baldwin Contractors, Inc., Brady Steel Company, Inc., Leslie H. Day, Dura-Tuft Carpet Corp., Enterprise Electric, Inc., General Electric, Inc., Georgia-Pacific Corp., Lakeview Plumbing & Heating Co., Inc., Louisiana Lightweight, Inc., Armond Delle, Jr., d/b/a Town & Country Landscaping, and William B. Serant Co., Inc., seeking a summary judgment stating the liens filed by those defendants have either prescribed or perempted. The motion for summary judgment is based on the fact that those defendants had neither filed suit on their liens nor filed a notice of lis pendens in the mortgage office within one year of the recordation of their liens.
The trial judge granted the motion for summary judgment against all defendants named therein except William B. Serant Co., Inc. and ordered the recorder of mortgages for the Parish of Jefferson to cancel from his records the liens filed by the other defendants in motion.
Various defendants have appealed.[3] Appellees have filed an answer to the appeals seeking amendment of the trial court's judgment to change the spelling of numerous names and to correct the property description as those names and description appear therein.
The primary issue presented is whether the appellant lien holders lost their liens by not filing a suit independent of the concursus proceeding and by failing to record a notice of lis pendens in accordance with R.S. 9:4812. A subsidiary issue is the validity of a notice of lis pendens timely filed *614 with the recorder of mortgages but not recorded in the mortgage records.
The relevant portion of R.S. 9:4812 reads:
"The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim." LSA-R.S. 9:4812.
The statute is clear that timely recording the claim (which was done by all appellants) is not sufficient to preserve the lien; the additional requirements of filing suit and filing a notice of lis pendens within one year of recording the claim must be met to prevent peremption. The statutory language of peremption shows the importance of failure to file an appropriate suit or to record a notice of lis pendens. The general rule is that statutes of prescription merely bar recovery, but statutes of peremption totally extinguish a cause of action.[4] Because lien statutes are strictly construed,[5] the technical requirements of R.S. 9:4812 must be met.
Literal compliance with the provisions of R.S. 9:4812 creates problems for a lien holder made defendant in a concursus proceeding when, as in the present case, no contract or bond for the work has been recorded under R.S. 9:4802. Revised Statute 9:4804 sets forth a statutory concursus procedure established by the legislature to deal with ranking of liens and privileges when there is a recorded contract and bond. Such procedure is not applicable to a lien holder under R.S. 9:4812 because that statute applies to situations where there is an absence of contract and bond. Consequently, a concursus proceeding under R.S. 9:4812 must be filed pursuant to the general concursus provisions of Code of Civil Procedure Articles 4651-4662.
Code of Civil Procedure Article 4656 provides each defendant in a concursus proceeding is considered both a plaintiff and a defendant with respect to all other parties. Moreover, being placed under the provisions of the concursus statute, any separate suit filed under R.S. 9:4812 to assert a privilege is subject to being enjoined by the provisions of Code of Civil Procedure Article 4660. Consequently, under the limited circumstances of this case, we hold an answer filed in a proceeding under the concursus provisions of the Code of Civil Procedure is equivalent to a suit under R.S. 9:4812 and satisfies that portion of the statute requiring the filing of suit to prevent peremption.[6] As all appellants filed such answers within the one year time period, they have effectively "filed suit" within the contemplation of that requirement as contained in the statute.
Provision for filing a notice of lis pendens is specifically spelled out in the above quoted R.S. 9:4812. The notice must give the name of the court, the title and number of the proceedings, the date it was filed, a description of the affected property, and the location in the public records where the lien is recorded. No such notice was recorded by any of the appellants. However, they argue that the bank's concursus proceeding obviated the necessity of their filing a notice of lis pendens and, alternatively, a notice of lis pendens timely filed by one lien claimant in this proceeding serves as notice of the suit for the other lien claimants.
Revised Statute 9:4812 requires that the claimant record a notice of lis pendens which contains information relating not only to the suit but also to the claimant's specific recorded lien. Each claimant must *615 record a notice of lis pendens which includes the required information applicable to his particular claim. In this light, the statute is not, as argued by defendants, designed merely to give a prospective purchaser notice that liens have been filed against immovable property. The statute is quite emphatic in requiring that notice must be given to prospective purchasers of each suit filed in furtherance of each claim against the property. The lis pendens is not merely a procedural notice vehicle. An owner is entitled to have liens cancelled from the mortgage records if the lien claimants do not record the required notice of lis pendens. Since the lis pendens requirement is necessary to avoid peremption of each individual claim, there is no justification for holding the filing of one notice of lis pendens by a single lien claimant meets that requirement for the benefit of all potential lien holders because that one notice does not contain the required information regarding other liens and does not show that any other lien claims are being pursued.
Defendants urge the case of Hunt v. La Chere Maison, Inc.,[7] as authority for dispensing with the requirement of a notice of lis pendens. We find this argument to be without merit.
Prior to 1966, a lien claimant was required to reinscribe his lien annually, on penalty of losing it.[8] This court created an exception to that rule by holding annual reinscription was unnecessary to preserve a lien when the property subject thereto was sold by the sheriff and a fund thereby created.[9]
In 1966 R.S. 9:4812 was amended to its present form to substitute filing notice of lis pendens for annual reinscription of liens. In the Hunt case, the court relied upon the exception to the general rule created by this court for proceedings prior to 1966[10] and applied it by analogy to the requirement of a notice of lis pendens. The Hunt court stated:
The present requirement of a notice of lis pendens serves the identical purpose of lien reinscription required by Section 4812, above, prior to its amendment in 1966. In this instance, the Sheriff's sale occurred within a year of recordation of Carson's lien. Carson asserted his lien in Appellant's concursus proceeding within a year of the date the lien was filed. This suffices to preserve the rank of his claim, and render it immune to a plea of prescription predicated upon failure to file a notice of lis pendens."
The only manner of rationalizing the applicable rules before and after the 1966 amendment to R.S. 9:4812 is to reach the conclusion that a lien claimant under R.S. 9:4812 must record a notice of lis pendens within one year of recordation of his lien, and this requirement can only be dispensed with when the property subject to the lien is sold to create a fund for the benefit of the lien claimants prior to the termination of the one year period. If the property is sold pursuant to judgment cancelling the lien and relegating the claimants to the proceeds of the sale, the liens no longer exist against the property and the claimants then have only an action to recover their money out of the sale price. That price simply takes the place occupied by the property prior to its sale. Notice of lis pendens in such a situation would be futile since it would be subject to erasure from the public records at the request of interested parties.
The Hunt case is not authority for dispensing with notice of lis pendens in this case. In Hunt, the property was sold by the sheriff and the claimants were relegated to a fund prior to the expiration of one year from the filing of the liens. In the present case the property was not sold prior to the expiration of the year and there is no *616 fund to which the claimants have been referred. Consequently, the filing of the notice of lis pendens was a substantive requirement to prevent the peremption of the lien.[11]
One defendant, Leslie Henry Day, contends his notice of lis pendens should be recognized from the date it was deposited with the clerk of court. This defendant mailed a notice of lis pendens to the clerk. The clerk placed the notice in the record of this proceeding but did not record it in the mortgage records. Day argues he should not be penalized by the failure of the clerk to properly handle the notice of lis pendens.
The clear provisions of R.S. 9:4812 show the notice of lis pendens must be recorded or the claim shall perempt. It is unnecessary to discuss the statements of the Supreme Court in Kinnebrew v. Tri-Con Production Corporation,[12] where the court stated the effective date of a mortgage recordation was retroactive to the date of its filing with the clerk when the mortgage was actually inscribed in the mortgage records a few days after filing. The court in Kinnebrew refused to express an opinion on the results to be reached if the inscription of the mortgage had never occurred or had been excessively delayed. In the present case, the question is statutorily required recordation of the notice of lis pendens in time to prevent peremption of the claim and there is no doubt the Day notice never has been recorded. Thus, here there can be no question regarding any retroactive effect because of a small delay between filing and actual recordation by the clerk caused by routine office procedures. We agree with the trial court conclusion that this claim also has been perempted.
Finally, plaintiffs have answered these appeals seeking amendment of the judgment to correct the names of the parties and the description of the property as set forth therein. As the record before us is designated and piecemeal, and as it may be necessary to take evidence regarding the correct names of the parties and the appropriate property description, this function is more properly for the trial court.
For the reasons assigned, the judgment appealed from is affirmed. However, the matter is remanded to the trial court solely for the purpose of affording the parties who answered the appeals an opportunity to correct the names of the parties and the description of the property now appearing in the judgment.
AFFIRMED AND REMANDED.
NOTES
[1] The defendant lien holders are American Builders Supply, Inc., Ben G. Baldwin Contractor, Inc., Brady Steel Company, Inc., Arthur C. Brown Co., Inc., C. & H. Drywall, Leslie H. Day, Drake Concrete Co., Inc., Dura-Tuft Carpet Corporation, Enterprise Electric, Inc., Reily Bros., Inc., Gems, Inc., General Electric Company, Georgia-Pacific Corporation, Glassow Sales Company, Hogan Scarboro Corporation, Lakeview Plumbing & Heating Co., Inc., Bolton Plumbing Supply Co., Inc., LeFlore County Tile Co., Louisiana Lightweight, Inc., Mac's Painting Company, Standard Paint & Varnish Co., Inc., R. J. Marshand & Co., Inc., Marrero Glass Company, Inc., Marrero Heating & Air Conditioning Co., Payne Co., Carrier Corporation, Marrero Sheet Metal Work, Morehead Pools, Ltd., Inc., National Picture & Frame Co., Nordstrom Larpenteur Agency, Wm. B. Serant Co., Inc., Musco, Inc., Terminix, Inc., Southern Landscaping Consultants, Inc., L. & W. Supply Corp., W. H. Ward Lumber Co., Inc., Woodward-Wight & Co., Ltd., Yale Cleaners, Inc., Armond Delle, Jr., d/b/a Town & Country Landscaping, and Delta Bank & Trust Co.
[2] The other parties to the motion for summary judgment were International Title Agency, Jacob Senter and St. Paul Fire & Marine Insurance Company.
[3] Ben G. Baldwin Contractor, Inc., Brady Steel Company, Inc., Dura-Tuft Carpet Corp., Enterprise Electric, Inc., General Electric Company, Louisiana Lightweight, Inc., Armond Delle, Jr., d/b/a Town & Country Landscaping and Leslie H. Day.
[4] Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289; Gilmore v. State, La.App., 79 So.2d 192.
[5] See Subdivision Planning Engineers, Inc. v. Manor Development Corporation and Trinity Universal Insurance Company, La.App. 1976, 337 So.2d 618, and cases cited therein.
[6] See Hunt v. La Chere Maison, Inc., La.App., 316 So.2d 850.
[7] Id.
[8] Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438; Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566.
[9] City Nat. Bank of Baton Rouge v. Sunshine Process, Co., La.App., 209 So.2d 161.
[10] Id.
[11] It should be noted the record on appeal was designated by the parties and is not complete. Nevertheless, the parties to this appeal agree in brief that there was no sheriff's sale of the property prior to the expiration of the time within which the required notice of lis pendens must be filed.
[12] 244 La. 879, 154 So.2d 433.