**8l So.2d 429**

**AMERICAN INSURANCE COMPANY et al.**

**v.**

**MR. FOG, INCORPORATED, et al.**

No. 42007.

May 23, 1955.

Bienvenu & Culver, New Orleans, Watson & Williams, Natchitoches, for plaintiffs-appellants.

Jack L. Simms, Leesville, and Godfrey & Edwards, Many, for defendants Ernest E. Maddox and Bobby Anderson.

Lucas F. Bruno, New Orleans, for defendant Mr. Fog, Inc.

PONDER, Justice.

The plaintiffs, the American Insurance Company, the Fidelity Phoenix Fire Insurance Company of New York and the London and Lancashire Insurance Company Limited of London, England, filed suit against the defendants, Mr. Fog, Incorporated, Ernest E. Maddox, and Bobby Anderson for the sum of $11,411.14, which the plaintiffs claim is due them as a result of negligent acts on the part of the defendants or their agents. Plaintiffs are subrogees of R. J. Robinson, whose home was damaged by an explosion while being "fogged" by Ernest E. Maddox and Bobby Anderson as agents of Mr. Fog, Incorporated. Plaintiffs had insured the property of Robinson and because of the explosion had paid to Robinson $8,411.14. The defendants interposed exceptions of no right or cause of action to plaintiffs' petition. The exception was sustained by the lower court and plaintiffs' suit was dismissed. The plaintiffs have appealed.

It appears that the trial judge sustained the exception of no cause or right of action on the ground that the petition alleged that the plaintiffs were insurance "companies" instead of alleging that they were "corporations" and that, therefore, the plaintiffs were not proper parties to stand in judgment because a company has no legal entity in law. It appears from the record that the plaintiffs orally moved to amend the petition by substituting the word "corporations." The record also contains a supplemental petition that was filed before issue was joined. It is evident that the lower court refused to entertain the supplemental petition from the judgment he rendered.

Pretermitting the question of whether it was essential to amend the petition so as to allege that the plaintiffs were corporations, it is sufficient to say that a plaintiff always has a right to amend his petition prior to the joining of issue. Tarver v. Quinn, 149 La. 368, 89 So. 216; Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 So. 324; Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193. And even after issue is joined the plaintiff, with leave of court, has the right to amend if the amendment does not alter the substance of his demand. Code of Practice, Article 419.

Modern jurisprudence liberally permits amendments to pleadings in the interest of justice and to prevent useless delays. This court in the interest of justice remanded a case to allow the filing of a supplemental petition. See Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488. Since the Reeves case was handed down, this court has adopted the liberal view by permitting amendments in the interest of justice and to eliminate the delays occasioned by technical pleadings. See Drewett v. Carnahan, 186 La. 243, 172 So. 6; Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521; Lemoine v. Lacour, 213 La. 109, 34 So.2d 392; McCarthy v. Osborn, 223 La. 305, 65 So.2d 776.

' For the reasons assigned, the exceptions are overruled and the case is remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed. Costs of this appeal to be paid by the defendant-appellees, all other costs to await the final disposition of the cause.