SAMUEL, Judge.
This is a suit involving a materialman’s lien and action under LSA-R.S. 9:4812.
The defendant is the owner of certain real estate located in the Parish of Jefferson upon which improvements were erected by Raymond Martin as her contractor. There was no recorded contract between the parties. During the month of August, 1959, plaintiff sold and delivered building materials in the amount of $935.72 to the contractor, which materials were used in the construction of the improvements on defendant’s property. Martin did not pay for the materials and on October 26, 1959, plaintiff filed its affidavit of lien and privilege in the mortgage records of the Parish of Jefferson. On October 25, 1960, plaintiff reinscribed the lien and, on February 3, 1961, instituted this suit against the owner.
Defendant filed exceptions of no cause of action and of prescription to the petition, both of which exceptions were dismissed by the trial court. Defendant also answered and filed a third-party petition against Martin, the contractor, who in turn filed an answer to the third-party petition. After a trial on the merits, judgment was rendered in favor of plaintiff and against defendant for the full sum of $935.72, plus costs of recordation of the lien. The judgment additionally recognized and maintained plaintiff’s lien and privilege against the property in the same amount. Judgment was also rendered in favor of the defendant and third-party petitioner and against Martin, the third-party defendant, for the sum of $935.72, plus recordation costs and attorney’s fees. Defendant has appealed. The third-party defendant has not appealed and the judgment as to him is final.
In this court plaintiff seeks to maintain its in rem judgment only and has abandoned the personal judgment rendered in its favor against the original defendant. There are no issues of fact involved. The lien was timely inscribed and reinscribed and the amount due is admitted. The only question *46 presented for our determination is whether the in rem action brought within the rein-scription period was barred by prescription under the statute. The defense is based entirely on the contention that the admittedly valid lien was prescribed because the suit was brought after reinscription and not in the year immediately following the original inscription.
The pertinent provisions of the statute, LSA-R.S. 9:4812, with the portion most important to the instant case emphasized, are as follows:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recor-dation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear. The said privilege, recorded as aforesaid, shall constitute a privilege against the property for a period of one year from the date of its filing, and may he enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of the recordation of the privilege in the office of the recorder of mortgages. The effect of the registry ceases, even against the owner of the property or the property itself, if the inscription has not been renewed within one year from the date of the recordation. Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, which right of action shall not prescribe within one year of the date of its recordation, or the rein-scription thereof.” (Emphasis ours)
This statute grants two benefits to a materialman or laborer when his claim has been properly and timely recorded. The first is an in rem action against the owner’s property and the second, separate and apart from the first, is a personal right of action against the owner. The source of R.S. 9:4812 was § 12 of Act 298 of 1926, as amended and re-enacted by § 1 of Act 323 of 1938. With the exception of some minor changes in wording and punctuation, R.S. 9:4812 is identical with the amendment of 1938. Section 12 of the 1926 act contained a provision which declared that prescription did not run on the lien during the pendency of a judicial proceeding filed within one year from the date of the recordation. This provision was deleted by the 1938 amendment which authorized the enforcement of the lien “by a civil action” and further provided, as may be seen in the emphasized portion of the statute as quoted herein-above, that the right of action prescribes within one year from the date of recordation. The amendment also added the provision declaring that the “effect of the registry ceases, even against the owner of the property or the property itself, if the *47 inscription has not been renewed within one year from the date of the recordation.”
As pointed out in Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566, under both acts the lien prescribed in one year. Under the 1926 act prescription was interrupted by the filing of a judicial proceeding. Under the 1938 amendment the method of keeping the lien alive is to renew or reinscribe it in the mortgage records within one year from the date of the original recordation. In Shreveport, which held that reinscription is the only way to interrupt prescription under the amendment, at page 825 of the Louisiana citation and at page 569 of the Southern citation, the court said:
“The manifest purpose of the amendment was to substitute a new and different method of procedure for interrupting or suspending the running of prescription against the lien. That is what it did and all it did. A comparison of the amending act with the original makes this too clear for argument.”
Thus in the instant case the running of prescription against the lien was interrupted or suspended by the timely rein-scription of that lien.
 The two sentences emphasized in the above quoted statute must be read together. The amendment of 1938 does not contain two sentences as does the revised statute; it contains only one sentence, the punctuation in the amendment, after the word “Mortgages”, being a semicolon followed by the use of the conjunction “and”: “ * * * in the office of the Recorder of Mortgages; and the effect of the registry ceases, even against * * The statute must be so construed as to give effect to every part thereof and produce a reasonable result. To hold that the right of action to enforce a lien kept alive by timely and proper reinscription has been prescribed would be an unreasonable interpretation giving the lien holder a right which he could not enforce and thus nullifying the effect and purpose of the statutory right to rein-scribe. The right of action to have the lien recognized, maintained and enforced continues to exist and is not prescribed during the year immediately following the timely reinscription of the original recordation.
For the reasons assigned, the judgment appealed from is amended only insofar as to eliminate therefrom the personal judgment rendered against the defendant, Lucy L. Crochet, i. e., that portion of the judgment which reads: “IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Lumber Products, Inc., and against defendant, Lucy L. Crochet, for the full sum of $935.-72, plus filing cost of $4.50, together with interest thereon from date of judicial demand until paid.” In all other respects the judgment is affirmed; costs in this court to be paid by the defendant-appellant.
Amended and affirmed.