HERGET, Judge.
(1) Mrs. Azemia P. Duet and her husband Leonce Duet filed suit against James W. Pate seeking to have canceled from the records of the Clerk of the Court of the Parish of Lafourche a materialman’s lien filed by Pate;
(2) In the suit presently under consideration, James W. Pate, doing business as Pate’s Sawmill and Building Materials filed suit against Victor Gisclair, Leonce Duet and Mrs. Azemia P. Duet seeking to have judgment in solido against them and for recognition of a materialman’s lien filed by Plaintiff affecting the property of Leonce and Mrs. Azemia P. Duet;
(3) Alcide J. Duet filed suit against Ply-woods, Inc. seeking to have canceled from the records a materialman’s lien filed in the Clerk of Court’s office of the Parish of Lafourche, affecting his property; and
(4) Plywoods, Incorporated then filed suit against Alcide Duet and Victor Gis-clair for judgment in solido against them as well as for recognition of a material-man’s lien affecting the property of Alcide Duet.
By stipulation, all of these cases were consolidated for the purpose of trial.
In this case judgment by default was rendered against Victor Pierre Gisclair, from which no appeal was taken. Leonce P. Duet and Mrs. Azemia P. Duet appealed suspen-sively from a judgment of the District Court of date May 16, 1963 in favor of James W. Pate, doing business as Pate Sawmill and Building Materials, against defendants, Victor Gisclair, Mrs. Azemia P. Duet and Leonce Duet, jointly and in solido, in the full sum of $2,731.51 with legal inter *730 est from date of judicial demand until paid and all costs of court and with recognition of a materialman’s lien filed by Pate on December 8, 1961 affecting particularly described immovable property acquired by Mrs. Azemia Duet in deed of date November 2, 1961, recorded in Conveyance Book 287, Folio 511 of the records of the Clerk of Court of the Parish of Lafourche. The judgment further ordered that the property be seized and sold in accordance with law to satisfy said lien and privilege.
Defendants, Mr. and Mrs. Leonce Duet, were desirous of building a small home on the beforementioned lot owned by Mrs. Duet, which, according to the records, Mrs. Duet purchased with her separate and para-phernal funds. Together they obtained prices from Victor Gisclair for the materials necessary for the erection of the home. The record further reveals Mrs. Duet, in the true portrayal of the thrifty shopping practices of a woman, visited several lumber yards to obtain prices of the materials for building the home and was most pleased when Gisclair quoted prices to her for this requirement 50% less in some instances than those which had been quoted to her by other lumber yards. The Trial Judge in his excellent reasons for judgment opined such prices could be quoted by Gis-clair because he never intended to pay, nor did he pay, Plaintiff for same, nor did he pay others from whom he purchased materials. The record, however, does show Mrs. Duet paid Gisclair in full for materials purchased by her from him, and neither she nor her husband purchased from Plaintiff the materials for which Plaintiff seeks recovery.
Upon the failure of Gisclair to pay for the materials purchased by him, which were utilized in the construction of Mr. and Mrs. Duet’s home, Plaintiff filed a materialman’s lien and privilege for the materials so furnished by it.
Defendants, Mr. and Mrs. Duet, in their answer to Plaintiff’s suit denied the validity of the lien. Whereupon, counsel for Plaintiff offered evidence to prove the sale of the materials to Victor Gisclair for which the lien was sought, the delivery of the materials to the building site of Mr. and Mrs. Duet and the incorporation in the structure thereon of the materials sold.
As appears from the record the lien was filed in the office of the Clerk and Recorder on December 8, 1961 and the judgment of the District Court recognizing said lien was signed May 16, 1963. There is no evidence in the record the lien was reinscribed.
In Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438, the Supreme Court made crystal clear that to preserve the effect of the registry of the lien against the property, it was essential same be reinscribed within one year from the date of the recordation, holding:
“ * * * The object of the rein-scription of the privilege would be to preserve its effects during the pendency of a suit instituted within one year of the original recordation.”
Further, the Court said:
“ * * * It is necessary to rein-scribe the privilege if the suit should pend beyond one year from the date of tlie original recordation, otherwise the suit could not enforce a privilege which had ‘passed out of existence’ before final judgment was obtained. * *”
Plowever, we find in the record no special plea of prescription filed by Mr. and Mrs. Duet and under LSA-C.C. Art. 3464 and LSA-C.C.P. Art. 927 the Court cannot supply the objection of prescription. Accordingly, we cannot take judicial notice of the failure to timely reinscribe the lien.
The record, we believe, showed delivery of materials to the home site of Mr. and Mrs. Duet by Plaintiff totaling $2,627- *731 01. From our review of the record the evidence reflects the following items sued for were not incorporated in the home of Mr. and Mrs. Duet:
(1) Beaded ceiling tile-$ 22.77
(2) Carry iron- 34.13
(3) 3 step moldings purchased elsewhere- 11.77
(4) 32 in. doors, $31.66; $25.20 and $10.40 - 67.26
(5) Entry locks purchased elsewhere $12.20 & ,95‡- 13.15
(6) Sheetrock cement- 26.00
(7) Sheetrock tape - 2.00
(8) There was an excess of 340 feet of drop siding charged, est. @ 78.20
(9) Screen door- 22.50
(10) A sash- 3.42
(11) A 32 in. exterior door- 12.49
(12) A screen door- 4.00
(13) 186 tile blocks- 61.38
Totaling - 359.07
Plus 2% tax of- 7.18
Totaling - 366.25
Deducting the total sum of $366.25 from the $2,627.01 leaves a balance of $2,260.76 to which Plaintiff is entitled to judgment.
Relying on the decision of Madison Lumber Company v. Globe Indemnity Co., La.App., 161 So. 775, Defendants maintain they are entitled to a credit of $1300 on the account due by them representing the amount they had paid to Mr. Gisclair, who, in turn, paid same to Plaintiff. The evidence, however, reflects such payment was made by Mr. Gisclair to Plaintiff on account of a bad check he had given Plaintiff previously and, accordingly, Defendants are not entitled to be given credit therefor by Plaintiff.
Accordingly, judgment is rendered in favor of plaintiff, James W. Pate d/h/a Pate Sawmill & Building Materials against defendants, Mrs. Azemia P. Duet and Leonce Duet, jointly and in solido, in the full sum of $2,260.75, and in all other respects affirming the judgment of the Trial Court recognizing the materialman’s lien and ordering the property seized and sold to satisfy said lien and privilege.
Amended and affirmed.