BLANCHE, Judge.
This is a motion by defendant-appellee, State of Louisiana, through the Department of Hospitals, to dismiss the appeal of plaintiff-appellant, Gene Randolph Miller, on the basis that the appeal was untimely filed.
On September 24, 1973, the trial court rendered judgment against plaintiff, dismissing his suit on a motion for summary judgment.
On motion of the plaintiff, an order of appeal was signed by the trial court on September 28, 1973, fixing the return date to this Court as October 26, 1973, and further fixing the amount of security required to be furnished by appellant at $200. No extension of the return date was requested of, nor granted by, the trial court. Bond was posted timely, on October 26, 1973, but costs and the Court of Appeal filing fee were not paid by the plaintiff-appellant until May 14, 1974, over six months after the return date.
On May 20, 1974, the defendant State of Louisiana filed a motion to dismiss the appeal, based on the late payment of costs and filing fees. This Court is of the opinion the motion to dismiss should be granted.
Article 2126 of LSA-C.C.P. states:
“The appellant shall pay to the clerk of the trial court, not later than three *422 days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
Article 2127 of LS A-C.C.P. states:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.” .
LSA-R.S. 13:4445 states:
“A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
“(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
“(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
“B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. As amended Acts 1960, No. 38, Sec. 1.”
Article 2161 of LSA-C.C.P. reads, in part:
“ * * * An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. * * * ”
In Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), the Louisiana Supreme Court decided that compliance with C.C.P. Arts. 2126, 2127 and R.S. 13:4445 is mandatory. In effect, the Supreme Court held that where the failure to timely file the costs and filing fee is attributable to the appellant, a dismissal of the appeal is justified. The Court said, at page 283 :
“The last sentence of R.S. 13:4445 provides: ‘ * * * When the appellant has paid the fees required under Subsection A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely is not imputable to the appellant.’ This not only implies but necessarily presupposes that the failure of the appellant to pay these fees timely is an error imputable to the appellant
The Court continued, at page 284, saying:
“Although the clerk is charged with primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or to file the appellate record when costs and fees have not been timely advanced by the appellant or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon the appel *423 lant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant’s losing his appeal.”
There is uncontroverted evidence before this Court, the affidavit of Lawrence D. Owens, Deputy Clerk for the Office of the Clerk, East Baton Rouge Parish, Louisiana, that establishes the untimely payment of costs and fees to be the fault of the appellant, and as such, following the Las-seigne case, the appeal is dismissed for lack of jurisdiction by this appellate court. The costs of this appeal are to be paid by plaintiff-appellant.
Appeal dismissed.