301 So.2d 367 (1974)
SUCCESSION of Raymond SILAS and Corinne Dean, widow of Raymond Silas
v.
Joseph X. MARCIANTE, d/b/a Marciante Truck Service.
No. 6492.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
J. Joseph Blotner, Gretna, for plaintiff-appellee.
Wayne D. Mancuso, Gretna, for defendant-appellant.
Dan C. Garner, New Orleans, for defendant-appellant.
*368 Before GULOTTA, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This matter comes before us on a motion to dismiss the appeal filed on behalf of the Succession of Raymond Silas et al., suggesting that a suspensive appeal was taken by the defendant, Joseph X. Marciante, returnable, after several extensions, to this court on June 20, 1974. It is contended by mover that no further extensions of the return date were made, that the cost due the Clerk of Court in connection with the appeal, and due the reporters for the transcribing of the testimony, have not been timely paid, that the record has not been timely filed with this court, hence the appeal should be dismissed.
In connection therewith we issued a rule nisi to show cause why the appeal should not be dismissed, and upon the submission of that rule, we were confronted with some perhaps contradictory documentary evidence in affidavits. Accordingly, we ordered remand of this matter to the trial court for taking of testimony and other evidence to clarify the facts on the issues raised therein. Subsequent hearing was held in the trial court, and the evidence has been filed with us for our consideration of the motion to dismiss.
The record discloses the following facts. The merits of the original suit were taken up and tried partly on July 3, 1973 and August 23, 1973. Judgment was rendered in favor of plaintiffs on September 10, 1973. Defendants applied for suspensive appeal on September 21, 1973, filed appeal bond September 28, 1973, and the appeal was made returnable to this court on November 16, 1973. Five successive applications for extension of the return date were made by the Clerk with the last return date being May 20, 1974.
Prior to this latter return date, on May 13, 1974, the plaintiffs-appellees filed in the district court a rule to show cause why the appeal should not be dismissed alleging that the appellants had made no effort to pay any deposit required by the court reporters for transcribing the testimony in this matter although notified several times of the necessity for such deposit. This motion was tried by contradictory rule on May 17, 1974, at which time the trial judge announced that he would consider extending the return date only if the required deposits were paid immediately, and the deposits required by the two court reporters, who took the testimony on each day of trial, were paid forthwith. Accordingly, the trial judge on the 20th of May signed a "Motion for Extension of Time in Which to Perfect Appeal" filed by the appellant through his attorney, in which the return date was extended from May 20, 1974 to June 20, 1974.
The record was not filed in the Court of Appeal on June 20, 1974, but instead, on June 21, 1974, the Clerk of Court applied for another extension of the return date for an additional period of thirty days. The trial judge denied the order to extend the return date noting that "the delay which caused these extensions was tried by Rule Nisi in a prior decision." On July 9, 1974, the appellees filed in this court a motion to dismiss the appeal on the ground that the record was still not lodged.
The evidence adduced on remand shows that after appeal was taken, both court reporters notified the appellant that a deposit of partial payment of the expected cost of preparing the transcript was to be made before the reporter would begin preparation of the transcript. Although originally the matter of the appeal was held in abeyance because of the possibility of settlement, nevertheless it is clearly shown that several months had elapsed from the time that negotiations broke down before the rule of May 17th was provoked by appellees. On May 17th, both reporters were paid the required deposit, and they began preparation of the transcript. Affiliated Reporters, Inc. notified appellant on June 5, 1974 that the transcript was complete *369 and a balance of $46.75 was owed before the transcript would be filed. See L.R.S. 13:967. Similarly, the other reporter, Donald Baio, completed his transcript and notified appellant on May 29, 1974 that a balance of $36.25 was due. He received a letter on June 6th from appellant's attorney saying that the bill was forwarded to his client for payment. Neither reporter was paid the balance due until June 21, when each was paid in cash. The transcript from reporter Baio was filed with the Clerk the next judicial day. The transcript from Affiliated Reporters was turned over to the defendant himself upon the payment, and it is not known what happened to it thereafter. It was never filed in the record.
The Clerk of the trial court testified that as of the last return date, June 20, he had not received the transcripts of testimony and could not prepare the record for lodging in the appellate court without those transcripts. At that time the amount of $116.55 was due for his preparation costs of the record. None of this amount has ever been paid. Nevertheless, he filed for an extension on June 21st but this extension was denied as previously mentioned.
The record conclusively shows that the appellant did not pay the costs due the reporters under L.R.S. 13:967 prior to the return date so they could file the transcript with the Clerk in order for him to meet the return date. Additionally, and perhaps more important, the appellant has never paid to the clerk, at least as of August 22, 1974, date of trial on remand, the cost required for preparing the record on appeal and the filing fee required by the appellate court to lodge the appeal under the provisions of C.C.P. Articles 2126 and 2127, and L.R.S. 13:4445. The failure to pay these fees timely in this case is clearly imputable to the appellant. C.C.P. Article 2161. Since appeals are favored in the law and we may not dismiss an appeal unless the defect, etc. is imputable to appellant, we originally remanded to ascertain if clear and convincing evidence existed as to appellant's fault. We are now convinced by the record herein that the failure to file the record on the return date was appellant's fault and his appeal must be dismissed. Gay v. Winn-Dixie Louisiana, Inc., 276 So.2d 900 (La.App.1st Cir. 1973); Netterville v. T. L. James & Co., Inc., 280 So.2d 662 (La.App.3rd Cir. 1973).
Accordingly, the motion to dismiss the appeal is granted, and judgment is rendered herein dismissing appellant's appeal at his costs.
Appeal dismissed.