303 So.2d 584 (1974)
ALSIDE SUPPLY COMPANY, a Division of Alside, Inc.
v.
Lawrence GERVAIS.
No. 6377.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1974.
Rehearing Denied December 10, 1974.
Writ Refused January 10, 1975.
*585 Benjamin Washastrom, New Orleans, for defendant-appellant.
Caryl H. Vesy, New Orleans, for plaintiff-appellee.
Before REDMANN, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
This is a suit by a materialman for payment and recognition of a lien for siding materials purchased by a contractor and placed on defendant's residence. From an adverse judgment, defendant appeals. We affirm.
On appeal, defendant maintains that the lien affidavit and original petition were filed in the incorrect name, Alside Supply Company, a Division of Alside, Inc., and that the trial judge erroneously permitted an amendment to plaintiff's petition to reflect the correct corporate name, Alside, Inc. d/b/a Alside Supply Company. Defendant complains that after permitting the amendment, the trial judge rendered a money judgment and recognized the lien in the corporate name as amended. Defendant also argues that the lien was not timely filed as required under R.S. 9:4812.[1]
The facts are that defendant entered into an unrecorded contract with H & H Builders, Inc., on September 16, 1972, to have the exterior of his home covered with siding. All materials used in the job on the Gervais home were purchased from plaintiff by H & H Builders, Inc. After completion of the work, Gervais paid H & H the full sum due under the contract. H & H did not pay plaintiff. Thereafter, on November 22, 1972, plaintiff filed a materialman's lien reflecting the incorrect name.
This suit to enforce the lien was filed in plaintiff's name as it was recorded in the lien affidavit. After having filed its answer on November 26, 1973, defendant filed a peremptory exception contending that Alside Supply Company is not the proper corporate entity and, therefore, not a proper party plaintiff.
Immediately prior to trial the district court dismissed defendant's exception and *586 permitted an instanter amendment of the petition to read "* * * the petition of Alside, Inc., doing business as Alside Supply Company, a foreign corporation licensed to do business in the Parish of Jefferson in the State of Louisiana." This appeal followed a judgment in favor of plaintiff in the corporate name as amended.
At the outset, we find no merit to defendant's contention that the lien was untimely filed. R.S. 9:4812 requires that a lien be filed within 60 days from the date of last delivery. The record supports the trial court's conclusion that the last delivery was made on September 25, 1972 and that the lien filed on November 22 was timely. Dray receipts from Alside Shipping Company show delivery of the materials commencing on September 18, 1972 and terminating on September 25, 1972. Furthermore, according to the testimony of the credit manager of Alside, invoices introduced into evidence show purchases of siding by H & H from defendant on the same dates of delivery as reflected by the receipts. The siding subcontractor who installed the material on defendant's house testified that he picked up some siding material from Alside on September 25, which he then installed at the defendant's residence. However, both the defendant and his wife contradict this testimony by stating that the job was completed on September 20.
Finally, we find no merit to defendant's contention that the trial judge erred in permitting the amendment to plaintiff's petition to more accurately reflect the corporate name. We are in agreement with the jurisprudence cited by defendant that statutes creating liens and privileges must be strictly construed.[2] However, the amendment permitted by the court in the instant matter does not violate this precept. The corporate entity, i. e., "Alside, Inc." was included in the lien affidavit and also was included in the original petition. The amendment did not have the effect of amending from one entity (such as a simple proprietorship or partnership) to another (a corporate one). It merely more accurately defined the corporate name.[3] There is no change in substance in the lien, the original petition, and the amended petition. The corporate name was included in all documents.
Strict construction cannot be so interpreted as to permit purely technical objections, such as advanced in the instant case, to defeat the real intent of the statute.[4] We fail to find that the trial judge erred when he permitted the amendment to the original petition. He properly rendered a money judgment and recognized the lien in the corporate name as amended. Accordingly, the judgment is affirmed.
Affirmed.
MORIAL, J., dissents with written reasons.
MORIAL, Judge (dissenting).
Plaintiff filed suit in the name of Alside Supply Company, New Orleans, Division of Alside, Inc., based upon a lien affidavit executed and timely recorded in that name. An instanter amendment granted by the district court allowed plaintiff to change its name to Alside, Inc., doing business as Alside Supply Company. Defendant's peremptory exception centers on the name in which plaintiff originally filed its suit.
*587 Our statutory rule pertaining to the amendment of a petition is found in LSA-C.C.P. Article 1151 which provides:
"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party. * * *" (emphasis supplied)
From the Reporters' Comments to this article it is abundantly clear that the amendment of a petition after answer is served is within the discretion of the trial judge. Our jurisprudence, even prior to the adoption of the Code of Civil Procedure,[1] favored liberal amendments to pleadings in the interest of justice and to prevent useless delays. See Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488 (1936); McCarthy v. Osborn, 223 La. 305, 65 So.2d 776 (1953). To grant an amendment of a petition to correct a plaintiff's designation of itself to permit a difference without distinction is permissible. Cf. American Insurance Company v. Mr. Fog, Incorporated, 228 La. 15, 81 So.2d 429 (1955). However, to permit the practice of liberal amendment to prevail under the applicable jurisprudence and facts of this case would sanction breathing life into a right created in derogation of the general law under the guise of removing a subtle technicality. In my opinion the amendment was improper and the defendant's exception should have been maintained.
In addition to that part of LSA-R.S. 9:4812 footnoted by the majority, the below quoted parts are pertinent to a proper disposition of defendant's peremptory exception.
"* * * The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or the office of the recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim. Such notice of filing suit shall preserve the privilege until the court in which the suit is filed shall order the cancellation of the said inscription of the said claim and the notice of the filing of suit on said claim or until the claimant authorizes the clerk of court or recorder of mortgages to cancel the said inscriptions. * * *
"Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. * * *"
In Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438 (1963), our Supreme Court, after reviewing the jurisprudence *588 concerning the privilege granted by LSA-R.S. 9:4812, stated:
"* * * Such a privilege is granted, as the term applies, in derogation of common rights, for there is no preference granted to these creditors by the owner. LSA-Civil Code art. 3183. The privilege is granted by law without the consent of the owners. For this reason, statutes creating privileges having the character of that under review, being in derogation of common rights, must be considered as stricti juris and rigidly construed. Southport Petroleum Co. of Del. v. Fithian, 203 La. 49, 13 So.2d 382 (1943). * * *" at page 441.
See also Kaplan v. Pettigrew, 150 So.2d 600 (La.App. 4th Cir., 1963); Clarke v. Shaffett, 37 So.2d 56 (La.App. 1st Cir., 1948).
It is inescapable from the foregoing that LSA-R.S. 9:4812 must be rigidly construed. The statute gives the creditor a (1) privilege and (2) a personal cause of action coupled with the right to enforce them. Both are in derogation of the general law and must be strictly construed. A strict interpretation of the statute mandates that all elements required by the statute be preserved for the creditor to benefit from the special protection afforded.
At the outset plaintiff improperly denominated itself. The effect of the registry of the lien affidavit created a privilege and personal cause of action in Alside Supply Company, New Orleans, Division of Alside, Inc., only.
The instanter amendment not only changed the name in which plaintiff instituted its suit, but effectively related back to change the name in which the lien affidavit was recorded. The amendment thereby indirectly extended the sixty (60) day period for recordation to a period in excess of one year and sixty days, in direct violation of the time requirements of the statute. Could plaintiff have resurrected its lien by a subsequent recordation of a name change more than "sixty days after the date of last delivery of all material?" The answer is no. Then why should plaintiff be permitted to so do by an instanter amendment to its petition more than one year after having misdesignated itself. This suit to enforce a privilege and personal cause of action having been commenced in the name in which the rights were created, could not be amended to create a legal right of ownership or interest in the claim in an entity of a different name.
Simply stated the exception of no right of action tested the capacity of the plaintiff. LSA-C.C.P. 927; American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir., 1969). The district court improperly permitted the amendment and thereby rendered a judgment recognizing a lien and personal cause of action in a plaintiff different from the one in whose name the rights were created pursuant to LSA-R.S. 9:4812. Plaintiff should not be judicially rewarded for having misdesignated itself when it recorded its lien affidavit.
For the foregoing reasons I respectfully dissent.
NOTES
[1] LSA-R.S. 9:4812 reads in part as follows: "When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property * * *"
[2] Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438 (1963). See also Executive House Building, Inc. v. Demarest, 248 So.2d 405 (La.App. 4th Cir. 1971); McCulley v. Dublin Construction Co., 234 So.2d 257 (La.App. 4th Cir. 1970), writs refused, 256 La. 375, 236 So.2d 503 (1970).
[3] From Alside Supply Company, a Division of Alside, Inc. to Alside, Inc. d/b/a Alside Supply Company.
[4] In Re Liquidation of Hibernia Bank & Trust Co., 181 La. 335, 159 So. 576 (1934).
[1] Acts 1960, No. 15.