ON MOTION TO DISMISS
Before REDMANN, GULOTTA, and BOUTALL, JJ.
GULOTTA, Judge.
This matter is before us on a motion to dismiss. The basis of the motion is that “court costs” were not paid by appellant to the clerk of the trial court. We deny the motion.
On October 20, 1975, the trial judge signed an order granting appellant a sus-pensive appeal, returnable to this court on December 30, 1975. On April 27, 1976, the trial judge signed an order refusing any further extensions. According to the ap-pellee, the record was not lodged in this court on the extended return day because the “court costs” had not been paid.
LSA-C.C.P. art. 2126 states:
“Art. 2126. Payment of costs
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
It is well settled that when the failure to timely pay transcript costs or appellate court filing fees is imputable to the appellant, the appeal will be dismissed. See Succession of Silas v. Marciante, 301 So.2d 367 (La.App. 4th Cir. 1974). However, appellee is not complaining that the costs of preparing the record, transcript costs or filing fee was not paid. The complaint is that the accumulated court costs in the trial court (apparently not including costs of preparing the record, transcript costs or filing fee in the appellate court) were not paid.
A $250.00 suspensive appeal bond was filed on November 24, 1975. The purpose of this bond is to guarantee payment of any court costs incurred. Appellant has ■ satisfied the guarantee for payment of court costs by posting the required bond. Under the circumstances, a motion to dismiss based on a complaint that court costs have not been paid is without merit. The motion is denied.

MOTION DENIED.

PER CURIAM.
The application for rehearing is not considered. See Rule XI, § 6 of the Uniform Rules — Courts of Appeal.[1]

. Rule XI, § 6 of the Uniform Rules-Courts of Appeal states:
“Section 6. An application for rehearing will not he considered when the judgment of the court has merely overruled a motion to dismiss an appeal or when, for any other reason, the judgment of the court has not finally disposed of the appeal; nor will an application for a rehearing be considered when the court has merely granted or refused to grant an alternative writ of mandamus, prohibition, other remedial writ or a rule nisi.”