ON MOTION TO DISMISS
SAMUEL, Judge.
This is a motion to dismiss a suspensive appeal on the ground the appellant failed to pay to the clerk of the trial court, not later than three days prior to the return day or extended return day (the last extension of the return day expired on April 27, 1976), all costs of preparing the record on appeal and the filing fee required by this court to lodge the appeal, as required of an appellant by Code of Civil Procedure Article 2126. The record on appeal has not been lodged in this court.
A similar motion, based on the same ground, previously was filed in this matter by the present mover. That previous motion was denied by us[1], because mover at that time did not complain or point out that the costs of preparing the record or the filing fee had not been paid; the complaint was only “that the accumulated court costs in the trial court (apparently not including costs of preparing the record, transcript costs or filing fee in the appellate court) were not paid”.
Annexed to the present motion to dismiss is an affidavit by the deputy clerk of the trial court in charge of preparing the records on appeal to this court. The affidavit is dated July 2, 1976. It states the affiant is personally acquainted with the suspensive appeal here involved; the total court costs in the trial court amount to $290.40, of which amount $238 is attributable to preparing the record on appeal; said total costs are past due and owing; and that the appellant has not paid the filing fee of $25.
The above described affidavit is the only evidence before us. Although given an opportunity to do so, the appellant has not responded to the motion to dismiss.
Thus, the evidence now establishes that the failure to timely lodge the appeal is due to the failure of the appellant to make timely payment of: (1) all costs of preparing the record on appeal; and, in addition, (2) the filing fee required by this court. Our settled jurisprudence is that under these circumstances the failure to lodge the record on the last extended return day is *912 imputable to the appellant and his appeal must be dismissed.[2]
For the reasons assigned, the motion to dismiss the appeal is granted and appellant’s appeal is dismissed at his cost.
MOTION GRANTED; APPEAL DISMISSED.

. Succession of Louis Cavallino, 336 So.2d 909, handed down by this court on June 9, 1976.

. Mabou v. Thomas Jefferson Ins. Co., La.App., 321 So.2d 786; Martin v. Travelers Ins. Co., La.App., 313 So.2d 342; Thibodeaux v. St. Paul Mercury Ins. Co., La.App., 310 So.2d 860; Miller v. State Through Dept. of Hospitals, La. App., 304 So.2d 421; Succession of Silas v. Marciante, La.App., 301 So.2d 367; Shreveport Wholesale Credit Men’s Ass’n., Inc. v. Seaburg, La.App., 300 So.2d 663; Cefalu Supply, Inc. v. Park Place Homes, La.App., 299 So.2d 432; Huff v. Caldwell, La.App., 297 So.2d 463; Tillman v. Natural Gas & Oil Co., La.App., 295 So.2d 198; Tropicana Hotel and Country Club v. Dantoni, La.App., 287 So.2d 817; Morgan v. Redman Lake Park, Inc., La.App., 233 So.2d 47; Portier v. Marquette Casualty Company, La.App., 146 So.2d 46; see also 2A La.Dig. §§ 370, 371.