CHIASSON, Judge.
The defendant, South Central Bell Telephone Company (South Central Bell), sus-pensively appeals a judgment recognizing plaintiff’s labor and materialmen’s lien filed pursuant to La.R.S. 9:4812, the Louisiana Private Works Act, and granting plaintiff a money judgment against defendant in the sum of $51,205.00.
On October 14, 1975, South Central Bell entered into an unrecorded written contract with Universal Excavators, Inc. (Universal) for the installation of a buried cable and a 30 inch steel casing under the Interstate 10 roadway at the intersection of U.S. Highway 190. Universal then subcontracted the furnishing and installation of the steel casing to plaintiff under a written contract dated November 17, 1975. The contract price on the principal contract was $87,-953.00. The subcontract price between Universal and plaintiff was $51,205.00. South Central Bell paid to Universal an amount in excess of $68,800.00 on the principal contract; however, plaintiff was never paid by Universal.
Plaintiff, Paul E. Riviere, Inc., filed suit for recognization of its lien and for an in solido money judgment against Universal, South Central Bell and the Louisiana Department of Highways.
On plaintiff’s motion, suit against the State was dismissed. Thereafter, South Central Bell filed exceptions of No Cause of Action and Non-joinder of an Indispensable Party. The trial court overruled the exceptions filed by South Central Bell and rendered judgment in favor of plaintiff and against Universal in the sum of $51,205.00 with interest and attorney’s fees, and against South Central Bell in the sum of $51,205.00 and recognized plaintiff’s lien on the 310 feet of 30 inch steel casing located under Interstate Highway 10. Judgment was also rendered on a third-party demand in favor of Universal and against South Central Bell in the sum of $15,528.95.
Plaintiff, Universal, and the State have not answered nor have they filed an appeal.
South Central Bell alleges the following specifications of error:
“(1) The district court erred in recognizing a sub-contractors lien without requiring stricti juris compliance with the Private Works Act (R.S. 9:4801 ff)
“(2) It is error to recognize as sufficient a lien affidavit which does not name the owner nor describe immovable property sought to be liened.
“(3) It was error in this case to dismiss the Louisiana Department of Highways and proceed to trial in its absence, and concomittantly, the Exceptions of No Cause of Action and Non-joinder of an Indispensable Party were erroneously overruled.
“(4) The trial court erred in not holding plaintiff’s in rem claim perempted and in not holding its in personam claim prescribed.”
*672 “It is settled jurisprudence that LSA-R.S. 9:4801 and 9:4812, being in derogation of the common rights of owners and mortgagees, must be strictly construed and are not to be extended beyond their express terms. Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438.” Pringle Associated Mortgage Corporation v. Eanes, 208 So.2d 346 (La.App. 1st Cir. 1968). As to the form required for perfection of a valid lien, La.R.S. 9:4812 only provides that “. a copy of his estimate or an affidavit of his claim or any other writing evidencing same, . ” if recorded shall create a privilege upon the said property. The statute does not address itself to what is required to be included in the affidavit of claim; it only requires that one be recorded.
Article 3348 of the Civil Code, which deals with the methods and procedure for recordation, provides that, “In all cases of special privileges the property subject to such privileges must also be described.”
In Hughes v. Will, 35 So.2d 241 (Orl.La.App.1948) the court, while recognizing that there is nothing sacramental about the form or contents of a lien affidavit, held:
“If liens are to be strictly construed, it is obvious that there must be set forth information as to how the claim arises, against whom it is to be asserted, and the amount thereof.”
The lien affidavit filed by plaintiff recites:
“That Paul E. Riviere, Inc. sold to Universal Excavators, Inc., as contractor, and Louisiana State, Department of Highways, as owner, certain building materials and performed certain labor, principally: furnish and install 310' of 30" Steel Casing under I — 10 roadway at intersection of Hwy. 90, to be installed by the dry bore method, for an agreed price and sum of $51,205.00, as will appear from the state of account attached hereto and made a part hereof.
“The said account represents materials and labor sold and delivered to Universal Excavators, Inc. and Louisiana State, Department of Highways, for use in and were actually used in the construction of a building on the property described as follows, to-wit:
State Project # 450-18-03, beginning at Station # 319437, 1-10 near the intersection of U.S. Hwy. 190 (Fremaux Road) and 1-12.”
We agree with the trial judge that plaintiff was in compliance with the provision of La.R.S. 9:4812 for the perfection of its lien claim. The property and its location is sufficiently .described; the amount and how the claim arises is set forth; and the parties against whom the lien is asserted are identified.
Appellant contends that it, the true owner, was not mentioned in the affidavit and that the lien is therefore not effective against it. Where, as here, the true owner cannot be identified solely because of the owner’s failure to record its contract, the claimant’s lien cannot be defeated because of its failure to name the true owner. The evidence establishes that plaintiff at all times dealt with the principal .contractor, Universal, on what it perceived to be a state project; that plaintiff was under the belief that the materials were sold to the parties named in the affidavit; and that those parties or either of them were owners of the materials in question. The failure of South Central Bell to record its contract was the direct cause of plaintiff’s erroneous beliefs. The evidence also establishes that South Central Bell was named in plaintiff’s subsequent petition in this suit and in the notice of lis pendens when the truth was ascertained.
South Central Bell next asserts that because the lien affidavit was invalid for form plaintiff failed to file a valid lien affidavit timely and, plaintiff also failed to file its notice of lis pendens timely, therefore, its in rem claim is perempted and its in personam claim is prescribed. The date of last delivery of all material or last furnishing of services by plaintiff was January 5, 1976. Plaintiff’s affidavit was filed on March 1, 1976, within the sixty day period required by La.R.S. 9:4812. The notice of lis pendens was filed on October 20, 1976, *673 within one year from the recordation of plaintiff’s lien claim as required by La.R.S. 9:4812. We, therefore, find no merit in appellant’s contentions that the claims are perempted or prescribed.
Finally, South Central Bell asserts that it was error for the trial court to overrule its exceptions of No Cause of Action and Non-joinder of an Indispensable Party, namely, the Louisiana Department of Highways. These exceptions were apparently founded on the proposition that plaintiff’s lien affidavit named Universal and the Louisiana Department of Highways as owners of the property described therein. The evidence amply supports a finding that the property described in the affidavit belongs to South Central Bell, and, therefore, the State is not an indispensable party.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.